# Illinois Official Reports

## Appellate Court

---

### *Carman-Crothers v. Brynda*, 2014 IL App (1st) 130280

---

| | |
|---|---|
| Appellate Court Caption | KELLI CARMAN-CROTHERS, Plaintiff-Appellant, v. JOSEPH A. BRYNDA, Defendant-Appellee (Susan J. Carrano, Defendant). |
| District & No. | First District, Second Division<br>Docket No. 1-13-0280 |
| Filed | December 2, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court did not err in dismissing plaintiff's complaint with prejudice under Supreme Court Rule 103(b) based on plaintiff's unreasonable explanation for the 10-month delay in serving defendant, notwithstanding her claim that she tried to serve defendant at three different addresses with multiple alias summonses and her contention that defendant should have expected service because he had been served by other persons injured in the underlying accident, since defendant's knowledge of the suit does not preclude dismissal under Rule 103(b), and the record showed that plaintiff continued to attempt to serve defendant at addresses that the process servers found to be invalid, rather than taking appropriate actions to discover defendant's real address. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-650050; the Hon. Janet Brosnahan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Rathbun, Cservenyak & Kozol, LLC, of Joliet (Scott Pyles and Michael J. Lichner, of counsel), for appellant.

Pretzel & Stouffer, Chtrd., of Chicago (Robert Marc Chemers and Philip G. Brandt, of counsel), for appellee.

Panel

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Presiding Justice Simon and Justice Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Kelli Carman-Crothers, appeals from an order of the trial court dismissing her complaint with prejudice for failing to exercise reasonable diligence to obtain service on defendant, Joseph Brynda. On appeal, plaintiff contends that she exercised reasonable diligence in her attempts to serve defendant because she attempted to serve defendant multiple times at three addresses and ultimately served defendant.

¶ 2    We find that the trial court did not abuse its discretion when it found that plaintiff's explanation for the 10-month delay in serving the defendant was unreasonable. Therefore, we hold that the trial court did not err when it dismissed the plaintiff's complaint with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007).

¶ 3                                    BACKGROUND

¶ 4    The record reveals that on November 4, 2009, a vehicle operated by defendant struck a pedestrian and a vehicle operated by plaintiff. The accident report listed defendant's address as 20017 Graceland Lane in Frankfort, Illinois (Graceland Lane).

¶ 5    On November 2, 2011, plaintiff filed a personal injury complaint against defendant and codefendant Susan Carrano.[1] Plaintiff also issued a summons for service on defendant at the Graceland Lane address. Service was unsuccessfully attempted three times at this address. The process server's affidavit indicated that the house was vacant and that defendant may be living in Willow, Illinois, or New York.

¶ 6    On March 14, 2012, plaintiff issued an alias summons for service on defendant at the Graceland Lane address. On March 28, 2012, an affidavit of nonservice was completed by a process server which averred that Graceland Lane was no longer a "valid" address. In May 2012, plaintiff issued a second alias summons for service on defendant at 7711 West Roeland Court in Frankfort, Illinois (Roeland Court). A subsequent affidavit of nonservice completed by a process server averred that the Roeland Court address was no longer a "valid" address. In

_____

[1]Codefendant, the owner of the car defendant was operating at the time of the accident, is not a party to this appeal.

July, the court granted plaintiff leave to issue a fourth alias summons for service on defendant and appointed Kevin O'Boyle as a special process server.[2] Plaintiff then issued a fourth alias summons for defendant at the Roeland Court address. The next month, plaintiff issued a fifth alias summons for defendant at the Roeland Court address. In September 2012, plaintiff obtained leave to file a sixth alias summons, and defendant was subsequently served at the Vienna Correctional Center in Vienna, Illinois.

¶ 7     In October 2012, defendant moved to dismiss plaintiff's complaint due to lack of diligent service pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). The motion alleged that because plaintiff failed to exercise diligence in effectuating service upon defendant and because the applicable statute of limitations for the instant personal injury action had expired, the complaint should be dismissed with prejudice. The motion further alleged that defendant had been confined in either the Cook County jail or the Vienna Correctional Center since November 18, 2010, and that three causes of action against defendant arising out of the 2009 accident had already been initiated, litigated, and resolved.

¶ 8     In her response to the motion to dismiss, plaintiff alleged that she acted with diligence when she reasonably relied upon the address defendant provided on the accident report and attempted to serve him there immediately after filing the instant cause of action. Plaintiff also alleged that defendant should have expected service from her because he was served by other parties involved in the accident and that defendant's incarceration created a "special circumstance" that affected her ability to serve him.

¶ 9     The trial court subsequently granted defendant's motion and dismissed plaintiff's complaint with prejudice pursuant to Rule 103(b), because, *inter alia*, defendant's location was "easily ascertainable" and plaintiff issued several alias summonses to an address that was reported invalid in May 2012. The court also noted that plaintiff did not show any actual attempts at service for the period of May through September 2012 or measures, such as skip traces or Internet searches, to determine defendant's whereabouts.

¶ 10                                                    ANALYSIS

¶ 11    On appeal, plaintiff contends that the trial court erred in dismissing her complaint because she exercised reasonable diligence in her attempts to serve defendant and was ultimately able to serve defendant. Specifically, plaintiff argues that she attempted service on defendant seven times at three addresses, including three attempts immediately after filing the instant action. Plaintiff further argues that based upon the other causes of action against defendant arising out of the 2009 accident, defendant knew or should have known about the instant cause of action. Plaintiff finally argues that defendant's "physical transience" was a special circumstance affecting her ability to serve him.

¶ 12    Whether an action should be dismissed for lack of diligent service pursuant to Rule 103(b) is a decision that rests within the sound discretion of the trial court (*Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990)), and the court's ruling will not be disturbed on review absent an abuse of that discretion. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007). An abuse of discretion will be found where the trial court's decision is arbitrary, unreasonable, or where no reasonable person would adopt the court's view. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 14.

---

[2]The record does not contain a third alias summons.

¶ 13    Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) states "[i]f the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant." Our supreme court has held that the purpose of Rule 103(b) is to protect defendants from unnecessary delays in receiving service of process and to prevent plaintiffs from circumventing the statute of limitations. *Segal*, 136 Ill. 2d at 286. Rule 103(b) does not provide a specific time by which a defendant must be served; rather, a court must consider the amount of time that has passed in relation to all the other facts and circumstances of each individual case. *Case*, 227 Ill. 2d at 213; see *Long v. Elborno*, 376 Ill. App. 3d 970, 980 (2007) (seven-month delay showed a lack of reasonable diligence).

¶ 14    When moving for dismissal pursuant to Rule 103(b), a defendant must make a *prima facie* showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. The trial court evaluates whether the defendant has made this showing on a case-by-case basis. *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949 (2001). Once the defendant shows that the length of time between the filing of the complaint and the date of service suggests a lack of diligence, the burden shifts to the plaintiff to provide a reasonable explanation for the delay. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. To meet this burden, the plaintiff must present an affidavit or other evidentiary materials which show that the delay in service was reasonable and justified under the circumstances. *Kole*, 325 Ill. App. 3d at 949-50. If the plaintiff fails to provide a reasonable explanation for the delay, the court may dismiss the action against the defendant pursuant to Rule 103(b). *Emrikson*, 2012 IL App (1st) 111687, ¶ 17.

¶ 15    The trial court may consider several factors when evaluating a motion to dismiss pursuant to Rule 103(b), including: (1) the length of time the plaintiff used to obtain service of process; (2) the plaintiff's activities during that time; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the plaintiff could have ascertained the defendant's whereabouts; (5) whether the defendant had actual knowledge of the pending action; (6) any special circumstances that affected the plaintiff's efforts; and (7) whether the defendant was actually served. *Segal*, 136 Ill. 2d at 287.

¶ 16    Here, we find that defendant made a *prima facie* showing that plaintiff failed to act with reasonable diligence in effectuating service upon him. Plaintiff filed her complaint in November 2011, and defendant was not served until September 2012, 10 months later. This 10-month delay suggested a lack of diligence, and the burden then shifted to plaintiff to provide a satisfactory explanation for this delay. See *Emrikson*, 2012 IL App (1st) 111687, ¶ 19 (a time period of as little as five months between the filing of a complaint and subsequent service is sufficient to make the *prima facie* showing).

¶ 17    Our review of the record reveals that plaintiff has failed to meet this burden. Although plaintiff correctly argues that she obtained a summons and multiple alias summonses following the filing of the complaint and attempted to serve defendant at three different addresses, the record also reflects that plaintiff continued to attempt to serve defendant at addresses after they were characterized as vacant or no longer valid by process servers. Specifically, after service was unsuccessfully attempted at the Graceland Lane address in November 2011 and the process server's affidavit indicated that the house was vacant, plaintiff obtained an alias summons and again attempted to serve defendant at that address. With regard to the Roeland Court address, plaintiff obtained a fourth and fifth alias summons for defendant

at that address, even after an affidavit of nonservice averred that the address was no longer valid. The record does not contain affidavits of nonservice for those summonses. Plaintiff offers no explanation for her continued attempts to serve defendant at addresses that her own process servers deemed not valid; rather, she argues that she exercised due diligence when she attempted to serve defendant at the address listed on the accident report.

¶ 18    Here, the accident report was generated in 2009, and the instant suit was filed in 2011. Contrary to plaintiff's argument on appeal that defendant's "physical transience" created a special circumstance that made it difficult to locate and serve defendant, it is reasonably foreseeable that a person might move during a two-year period. The discovery that the address listed on an accident report is no longer valid does not relieve a plaintiff of the obligation to take further appropriate actions to locate the defendant. See *Alsobrook v. Cote*, 133 Ill. App. 2d 261, 264-65 (1971). In any event, although a plaintiff's failure to consult the accident report is an important factor to consider when determining diligence, or lack thereof (*Emrikson*, 2012 IL App (1st) 111687, ¶ 23), a plaintiff must do more than merely attempt to serve the defendant at the address listed in the accident report in order to establish reasonable diligence.

¶ 19    *Alsobrook v. Cote*, 133 Ill. App. 2d 261 (1971), is instructive. There, after the plaintiff unsuccessfully attempted to serve the defendant at the address listed on the accident report, the only further efforts that the plaintiff's counsel took over the next two years were to write two letters and look for the defendant in eight telephone directories. *Alsobrook*, 133 Ill. App. 2d at 264-65. The court found that plaintiff's efforts did not reflect reasonable diligence after considering the fact that the plaintiff consulted the accident report to determine the defendant's address as well as the fact that after the unsuccessful service attempt at the address on the accident report, the plaintiff did not take appropriate further action to locate the defendant. *Id*. at 265-66.

¶ 20    Similarly here, once plaintiff learned that the addresses she had obtained for defendant, including the one listed in the accident report, were not valid, plaintiff continued to obtain alias summonses for those addresses rather than taking appropriate further action to locate defendant.

¶ 21    As to the remaining factors that the trial court may consider when ruling on a Rule 103(b) motion, although it is true that defendant was ultimately served, this court rejects plaintiff's contention that defendant knew or should have known of the instant suit because the record contains no evidence to suggest that defendant knew of the instant cause of action. Even if this court was to accept plaintiff's assertion that defendant knew or should have known about the instant case prior to being served because of the other cases, that knowledge does not necessarily preclude dismissal pursuant to Rule 103(b). See *Polites v. U.S. Bank National Ass'n*, 361 Ill. App. 3d 76, 86 (2005) (the fact that a defendant "had notice of the lawsuit before being served did not preclude dismissal under Rule 103(b)").

¶ 22    In this case, after reviewing all the factors and considering the totality of the circumstances, we do not find that the trial court abused its discretion when it found plaintiff's explanation for the 10-month delay in serving the defendant was unreasonable. *Emrikson*, 2012 IL App (1st) 111687, ¶¶ 14, 17. Therefore, we hold that the trial court did not err when it dismissed plaintiff's complaint with prejudice pursuant to Rule 103(b). *Segal*, 136 Ill. 2d at 286.

¶ 23    Accordingly, the judgment of the circuit court of Cook County is affirmed.

¶ 24    Affirmed.