NOTICE

Decision filed 04/06/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210190-U

NO. 5-21-0190

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| REZEN J. SHAMHART, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 18-L-4 |
| | ) | |
| KATELYN C. HATTEN, | ) | Honorable |
| | ) | Jeffrey L. DeLong, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1  *Held*: The circuit court's dismissal of the plaintiff's complaint with prejudice pursuant to Illinois Supreme Court Rule 103(b) (July 1, 2007) was not an abuse of discretion where the plaintiff failed to serve the defendant for approximately 33 months following the filing of his complaint on the last day of the applicable statute of limitations and where the plaintiff did not offer any explanation as to how he exercised reasonable diligence as required under the rule.

¶ 2  Plaintiff, Rezen J. Shamhart, filed a complaint in the circuit court of Effingham County for personal injury against the defendant, Katelyn C. Hatten. After the defendant was served with summons, approximately 33 months after the initial filing of the complaint, she filed a motion to dismiss the complaint pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), asserting that the plaintiff failed to exercise reasonable diligence in effectuating the service. Following a hearing on the motion, the circuit court granted the defendant's motion and dismissed the

1

complaint with prejudice. For the reasons that follow, we affirm the circuit court's dismissal of the plaintiff's case.

¶ 3                                            I. BACKGROUND

¶ 4     On January 22, 2018, the last day of the applicable statute of limitations, the plaintiff, through his attorney, Michael Meyer, filed his complaint against the defendant seeking damages for personal injury. In the complaint, the plaintiff alleged that his injuries stemmed from a motor vehicle accident involving the defendant in Effingham County, Illinois, on January 22, 2016. On January 23, 2018, a summons was issued to the defendant.

¶ 5     On January 16, 2020, the circuit court issued a notice of dormancy for the case. Subsequently, two case management conferences were held on March 5, 2020, and July 14, 2020. The docket entry for the March 5 conference stated, "ATTY MEYER; THERE HAS BEEN NO SERVICE; P ADVISES WORKING ON SETTLEMENT."

¶ 6     The original summons was returned unserved on August 18, 2020. The certificate of service noted three attempts at serving the defendant between January 27, 2018, and February 10, 2018. The comments in the certificate of service stated, "per the Neoga PD lives at same address as Bonnie Swafford."

¶ 7     An alias summons was issued on August 18, 2020, eight months after the circuit court's issuance of a notice of dormancy. The alias summons was returned unserved on October 5, 2020. A second alias summons was issued on October 9, 2020. The second alias summons was returned by a private process server showing abode service on October 13, 2020, approximately 33 months from the date suit was filed.

¶ 8     On December 30, 2020, the defendant filed a motion to dismiss and supporting memorandum of law pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). The

2

defendant in her motion to dismiss argued that the plaintiff had failed to exercise due diligence in effectuating service. The defendant attached multiple exhibits to her motion to dismiss, including correspondence between Attorney Meyer and the defendant's insurer, Safeco Insurance Company (Safeco). The relevant information contained in those documents is as follows.

¶ 9     On July 7, 2016, approximately six months following the alleged motor vehicle accident, Attorney Meyer sent a letter to Safeco notifying them of his representation of the plaintiff. Receipt of this correspondence was acknowledged by Safeco via correspondence dated July 13, 2016. Following the correspondence between Safeco and Attorney Meyer, a series of phone conversations took place in which Safeco requested Attorney Meyer provide it with a demand package, including any medical bills, records, or loss of income information to support the plaintiff's claims. No response was ever submitted by Attorney Meyer which contained any of the requested materials.

¶ 10    On January 23, 2018, the same day the original summons was issued to the defendant, Attorney Meyer sent correspondence to Safeco with an enclosed copy of the filed complaint. On February 26, 2018, a Safeco representative again requested a demand package from Attorney Meyer. He responded that same day, stating:

> "Had to order an updated medical record. Should have it this week. In the meantime, your insured was not found for service. Alias summons to issue."

¶ 11    Following this correspondence, Safeco intermittently requested a demand package, and in response, Attorney Meyer offered various explanations as to why he had not yet provided the information. Then from August 22, 2018, until July 13, 2020, a period of 23 months, no contact between Safeco and Attorney Meyer occurred.

¶ 12 Turning back to the procedural facts of this matter, following the defendant's filing of her motion to dismiss in December of 2020, the plaintiff filed his response on March 25, 2021. In his response, the plaintiff argued that the motion dismiss should be denied because (1) the defendant's insurer, Safeco, had knowledge of the lawsuit, and (2) she was not prejudiced by the delay in service because she had the opportunity to investigate the claims once Safeco learned of his claims against her. The defendant filed her reply on April 7, 2021.

¶ 13 On April 29, 2021, the circuit court held argument from both parties on the defendant's motion to dismiss. On May 27, 2021, the circuit court entered its order dismissing the plaintiff's case with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). The plaintiff then filed this timely notice of appeal on June 25, 2021.

¶ 14                                    II. ANALYSIS

¶ 15 On appeal, the plaintiff contends that the circuit court abused its discretion in dismissing his complaint with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). We disagree. For the reasons that follow, we find that the circuit court did not abuse its discretion in dismissing the plaintiff's lawsuit.

"Rule 103(b) provides that, if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations has expired, the circuit court may dismiss the matter and that such dismissal shall be with prejudice. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). In considering whether the plaintiff exercised reasonable diligence, the circuit court is to consider the totality of the circumstances. *Id.* This court reviews the circuit court's grant of a dismissal pursuant to Rule 103(b) for an abuse of discretion. *Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990). 'A trial court abuses its discretion when its decision is "*arbitrary,*

4

*fanciful, or unreasonable, or where no reasonable person would adopt the court's view*." ' (Emphasis added.) *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 14 (quoting *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 513 (2005)).

Rule 103(b) does not set forth any specific time limitation within which a defendant must be served, but the rule has the essential purpose of promoting the expeditious handling of lawsuits by giving the circuit courts wide discretion to dismiss when service is not effectuated with reasonable diligence. *Segal*, 136 Ill. 2d at 285-86. The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process and to prevent circumvention of the statute of limitations. *Id.* at 286. The plaintiff bears the burden of showing reasonable diligence in the service of process and must provide a reasonable explanation for any apparent lack of diligence. *McRoberts v. Bridgestone Americas Holding, Inc.*, 365 Ill. App. 3d 1039, 1043 (2006).

The court is to apply an objective standard when determining whether a plaintiff exercised reasonable diligence in effecting service of process, with each case turning on its own specific facts. *Id.* at 1042. The determination of whether a plaintiff failed to exercise reasonable diligence is a fact-intensive inquiry suited to balancing, not bright lines. *Id.* When deciding whether to grant dismissal pursuant to Rule 103(b), the circuit court should consider the following factors: (1) the length of time used to obtain service of process, (2) the activities of the plaintiff, (3) the plaintiff's knowledge of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) the defendant's knowledge of the pendency of the lawsuit, (6) special circumstances which would

5

affect the plaintiff's efforts, and (7) actual service on the defendant. *Segal*, 136 Ill. 2d at 287. These factors must be contemplated in light of the purpose of Rule 103(b). *Id.* However, it is well settled that dismissal under Rule 103(b) is within the sound discretion of the circuit court. *Id.* at 286. 'In determining whether there has been an abuse of discretion, we may not substitute our judgment for that of the trial court, or even determine whether the trial court exercised its discretion wisely.' *Simmons v. Garces*, 198 Ill. 2d 541, 568 (2002)." *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶¶ 20-22.

¶ 16    Therefore, the question before this court is whether the circuit court's determination that the plaintiff failed to use reasonable diligence in serving the defendant following the filing of the lawsuit was "arbitrary, fanciful, unreasonable, or whether no reasonable person would adopt the circuit court's view." We find that it was not.

¶ 17    When a motion to dismiss is filed pursuant to Rule 103(b), the defendant bears the initial burden of making a *prima facie* showing of a lack of due diligence in effectuating service of process. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17; Ill. S. Ct. R. 103(b) (eff. July 1, 2007). "Once the defendant establishes that the time between the filing of the complaint and the date of service suggests a lack of diligence, the burden then shifts to the plaintiff to provide a satisfactory explanation for the delay in service." *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. "In the absence of a satisfactory explanation, the trial court is justified in granting a Rule 103(b) dismissal." *Id*.

¶ 18    Here, the amount of time that elapsed between the filing of the plaintiff's complaint and service on the defendant was 33 months. While Rule 103(b) does not set forth any specific time limitation within which a defendant must be served, Illinois courts have regularly held that such a delay is sufficient to warrant dismissal, or at a minimum demonstrates a lack of diligence on the

6

part of the plaintiff. See, *e.g.*, *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 380-81 (1990) (Illinois Supreme Court found dismissal with prejudice not an abuse of discretion where plaintiff never attempted to serve the defendant at a known location for a period of nine months following the filing of the lawsuit); *Emrikson*, 2012 IL App (1st) 111687, ¶ 18 (the appellate court found that whether the delay of service was calculated as 13 months or 7 months, "the length of time raises an inference of a lack of reasonable diligence"); *Luebbing v. Copley Memorial Hospital*, 60 Ill. App. 3d 780, 781 (1978) (the plaintiff did not place summons until 10 months after the lawsuit was filed); *Penrod v. Sears, Roebuck & Co.*, 150 Ill. App. 3d 125, 129 (1986) (appellate court found the plaintiff failed to exercise due diligence where the plaintiff only made minimal efforts to obtain service over a period of seven months). Therefore, the delay of 33 months is more than sufficient for a circuit court to find a lack of reasonable diligence on the part of the plaintiff.

¶ 19    Because the defendant has established that the time between the filing of the complaint and the date of service suggests a lack of the plaintiff's diligence, the burden then shifts to the plaintiff to provide a satisfactory explanation for the delay in service. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. However, the plaintiff offers no explanation whatsoever as to the reason for the delay. At no point, at the circuit court level or on appeal, does the plaintiff explain why it took 2.75 years following the filing of the complaint, or 4.5 years from the date of the accident, for him to serve the defendant. Moreover, the plaintiff fails to explain why he took no actions, for a period of 30 months, toward serving the defendant following the final attempt at service of the original summons on February 10, 2018, despite the discovery that the defendant had changed addresses. Attorney Meyer was aware of the need to issue an alias summons during this time as acknowledged

by his correspondence to Safeco on February 26, 2018 ("In the meantime, your insured was not found for service. Alias summons to issue.").

¶ 20 Additionally, it is evident that only negligible work occurred towards progressing the plaintiff's case after the filing of the complaint because on January 16, 2020, two years after the complaint's filing, the circuit court issued a notice of dormancy threatening to dismiss the action for want of prosecution. Despite this notice and multiple status conferences where Attorney Meyer acknowledged service had not occurred, the plaintiff failed to return the original summons until August 18, 2020, eight months after the circuit court's dormancy notice. This failure of the plaintiff to take action towards service and towards progressing the case is sufficient to support the circuit court's finding that the plaintiff failed to exercise reasonable diligence in serving the defendant.

¶ 21 While there is evidence that the defendant changed addresses at least once during the 2.75 years following the filing of the complaint, at no point does the plaintiff ever argue that this change of address impeded his ability to properly serve the defendant. Because the plaintiff presents no developed argument, or citation to authority, on this point, he accordingly has forfeited consideration of it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued are forfeited). Further, even if the plaintiff had argued this point, we would find it unpersuasive given the comment on the returned original summons which appeared to indicate a possible new correct address for the defendant and the relative ease with which the defendant was properly served once alias summonses were finally issued.

¶ 22 We do reiterate that when considering whether the plaintiff exercised reasonable diligence, the court is to consider the totality of the circumstances, including but not limited to the factors as set out above. Ill. S. Ct. R. 103(b) (eff. July 1, 2007); *Segal*, 136 Ill. 2d at 287. When reviewing

8

the remaining facts of this case in light of those factors, we find that the only possible factor that could weigh in favor of the plaintiff is that the defendant, through her insurer, had notice of the lawsuit. However, as stated by our supreme court, "actual notice or knowledge of the lawsuit along with a lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b)." *Womick*, 137 Ill. 2d at 377. Thus, the plaintiff's sole argument, that the defendant had notice through her insurer and was not prejudiced, when viewed in light of the totality of the circumstances of this case, is not sufficient to excuse the lack of reasonable diligence. Ultimately, the "purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process and to prevent circumvention of the statute of limitations." *Kramer*, 2021 IL App (5th) 200026, ¶ 21. Here, there was clearly an unnecessary delay in the service of process which resulted in the defendant being served 4.5 years after the accident occurred, or 2.5 years after the expiration of the statute of limitations.

¶ 23    Therefore, when considering the circumstances of this case and the factors the circuit court weighed, it is evident that nearly all the factors weigh in support of the defendant's position and the circuit court's determination to dismiss.

¶ 24                                III. CONCLUSION

¶ 25    For the foregoing reasons, we find that the circuit court did not abuse its discretion and affirm the dismissal of the lawsuit with prejudice.


¶ 26    Affirmed.