2022 IL App (2d) 210559-U
No. 2-21-0559
Order filed May 31, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOSEPH J. DePOLA | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | No. 20-L-324 |
| | ) | |
| THE LAW OFFICES OF ANGELA M. | ) | |
| TRICOCI, P.C. and ANGELA M. | ) | |
| TRICOCI, | ) | |
| | ) | Honorable |
| | ) | Susan Clancy Boles, |
| Defendants-Appellees | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Hutchinson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in dismissing plaintiff's complaint due to his 10-month delay in serving defendants. Plaintiff failed to produce competent evidence to support his claim that the delay was attributable to the COVID-19 pandemic and defendants' attempts to evade service.

¶ 2    Plaintiff, Joseph J. DePola, appeals the trial court's order dismissing his complaint under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for lack of diligence in obtaining service on defendants, Law Offices of Angela M. Tricoci and Angela M. Tricoci. The trial court found that plaintiff failed to present sufficient evidence to excuse his delay in effectuating service. We affirm.

¶ 3                                I. BACKGROUND

¶ 4      On May 22, 2020, plaintiff filed a complaint against defendants, alleging professional negligence in a real estate short sale that closed on May 25, 2018.  At the top of the filed complaint was a printed notation, "Accepted 7/7/2020."  On July 7, 2020, plaintiff issued a summons to each defendant at the same address: 162 E. Chicago Street, Suite A, Elgin, Illinois (the Elgin address).  Each summons stated, "If service cannot be made, this summons shall be returned so endorsed."  However, there is no return of summons in the record or any notation on the summonses that they were served or not.  Nor is there any other evidence of an attempt to serve the summonses.

¶ 5      On September 15, 2020, the trial court, on its own motion, entered an order striking a September 22, 2020, court date and continuing the case to November 6, 2020, for "[s]tatus on service."  On October 29, 2020, the court, again on its own motion, entered an order striking the November 6, 2020, court date and continuing the case to January 13, 2021.  Both orders stated: "In-person court appearances are discouraged at this time.  The parties are encouraged to send in an agreed order prior to the next court date."

¶ 6      On January 13, 2021, a "Remote Session Minute Order" was entered.  It noted, "No One Appearing."  By separate order entered the same date, the court on its own motion dismissed the case without prejudice for want of prosecution.  The court noted: "Counsel not appearing on today's date.  No service on the defendant."

¶ 7      On February 24, 2021, plaintiff moved to vacate the dismissal.  Plaintiff alleged that summonses were issued on May 22, 2020, and that additional summonses were issued thereafter.  Plaintiff claimed that the Kane County Sheriff unsuccessfully attempted service.  Plaintiff further alleged that he was unaware that the January 13, 2021, hearing was "going forward, and [he] was

under the belief [that] the [c]ourt would advance the date upon its own motion as previously done."
Plaintiff asked for alias summonses and a special process server.

¶ 8    On March 8, 2021, plaintiff's counsel appeared remotely, and the court granted his motion to vacate the dismissal. The court allowed alias summonses and appointed a special process server.

¶ 9    On April 26, 2021, the court issued a new summons for each defendant to the Elgin address. As with the prior summonses, each stated that "[i]f service cannot be made, this summons shall be returned so endorsed." The record does not contain a return of summons from the special process server, and the date of service is blank on each summons. However, on June 4, 2021, counsel for defendants filed an appearance and moved for an extension of time to answer or otherwise plead. That motion was granted.

¶ 10   On July 8, 2021, defendants moved to dismiss under Rule 103(b), alleging that plaintiff failed to exercise reasonable diligence in effectuating service. Defendants admitted receiving service on May 6, 2021, at the Elgin address. They alleged that the complaint was filed "on the eve of the expiration of the applicable limitations period" and that it took nearly a year to accomplish service.

¶ 11   Plaintiff filed a response alleging in part:

    "Plaintiff first filed its Summonses and Complaint against Defendants, Law Offices of Angela M. Tricoci, P.C. and Angela M. Tricoci, through the Odyssey eFileIL system on May 22, 2020, at 4:58 pm. This initial filing was rejected by the Clerk's Office. Once Plaintiff's Counsel was made aware of the rejected filing, diligent action was taken by Counsel on behalf of the Plaintiff, working with the Clerk's office, to resubmit the filing with back-dated acceptance as of May 22, 2020 (the date of the original filing). Communication with the Clerk's Office was difficult, as upon information and belief, the

- 3 -

Clerk's Office was not fully staffed nor fully operational during this time, due to the ongoing effects of the COVID-19 pandemic. The resubmitted filing was eventually accepted by the Clerk's Office on July 7, 2020, at 9:00 am, with an original filing date of May 22, 2020, at 4:58 pm. See attached Exhibit A, evidencing both the 'Accepted' date of 7/7/2020 9:00 a.m. at the top of page 1, and the file stamped date of 5/22/2020 4:58 pm [*sic*] in the center of page l.

On the same date the Complaint was accepted by the Clerk's Office, namely July 7, 2020, Plaintiff's Counsel acted diligently by requesting Summonses to be issued by the Clerk's Office, for both Defendants. See attached Exhibit B, Summons for Angela M. Tricoci, dated July 7, 2020; and attached Exhibit C, Summons for Law Office of Angela M. Tricoci, P.C., dated July 7, 2020)."

Thus, plaintiff alleged that the trial court did not accept his complaint until July 7, 2020, after which he diligently attempted to serve defendants.

¶ 12    Plaintiff further claimed that he diligently attempted service at the Elgin address but was unsuccessful because there was no apparent business activity at that address and "the site was reported as vacant/abandoned." Plaintiff stated that the special process server eventually served defendants at 5:54 p.m. on May 6, 2021, at an address in South Elgin, not the Elgin address. Plaintiff claimed that he made no further attempts to serve or communicate with defendants after service was effectuated on May 6, 2021.

¶ 13    Plaintiff also contended that defendants knowingly and willfully attempted to avoid service of process. He alleged that defendants were aware of the pending claim against them and had put their liability carrier on notice of the claim in May 2018. Plaintiff attached an e-mail supporting the allegation that defendants notified their carrier.

¶ 14    Also among plaintiff's attachments were two affidavits from the special process server, one for each defendant. The server averred that both defendants were served on May 6, 2021, at an address in South Elgin. In each affidavit, in the section for "Service Comments," the server averred: "I asked for Angela, and she answered 'Yes?' I handed her the documents and she said 'wait this isn't a law office. My name is Lavata.' She dropped the papers on the ground and went inside."

¶ 15    Plaintiff included as well an "Affidavit of Attorney," in which plaintiff's counsel averred: "I have read *** Plaintiff's Response to Defendants' Motion to Dismiss, and certify that the statements made therein upon which I have actual knowledge, and with the exception to those matters stated upon information and belief, are true and correct." Plaintiff included no other support for his allegations in the response.

¶ 16    In their reply, defendants argued that plaintiff's response did not describe his alleged attempts to serve defendants at the Elgin address or provide evidence of any efforts to serve them there. According to defendants, their law office has continually operated at the Elgin address for the past 15 years. They also alleged that plaintiff's counsel was a personal friend of Tricoci's ex-husband and had previously been to her home.

¶ 17    Defendant attached an affidavit from Tricoci averring that she owned the building at the Elgin address and had continually conducted business there for the past 15 years. At no point since May of 2020 was the building vacant or abandoned. Tricoci was unaware of any service attempts at the Elgin address; she was served at her home on May 6, 2021. She averred that plaintiff's counsel was an acquaintance of her ex-husband and had visited her home to deliver furniture before the lawsuit was filed.

¶ 18    At the August 31, 2021, hearing on defendants' motion, the court said that it had read the materials and felt that oral argument was not necessary. Neither party objected. The court applied the seven factors for deciding motions to dismiss under Rule 103(b). See, *e.g.*, *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 212-13 (2007) (setting forth factors). The court determined that only one factor favored plaintiff: "[d]efendants had knowledge or possible reason to believe a lawsuit might be filed due to their contact with [p]laintiff's counsel regarding putting her liability carrier on notice of a potential claim." The remaining factors favored defendants. For instance, the trial court found "no special circumstances that impact[ed] the delay and inactivity in this case." The court also noted that plaintiff "chose to wait to file her complaint until just three days before the statute of limitations period had run." The court concluded with these remarks:

> "Regardless of the address where [d]efendants were served or the fact that [p]laintiff had difficulty with the acceptance of his original complaint filing on May 22, 2020, it all comes down to [p]laintiff failing to meet his burden in explaining in substantial detail why it took nine-plus months to prepare alias summonses and have them served.
>
> The [p]laintiff knew all along the personal addresses of the [d]efendants which turned out to be the address they were ultimately served at."

The court dismissed plaintiff's complaint with prejudice.

¶ 19    Plaintiff appeals.

¶ 20                                    II. ANALYSIS

¶ 21    Plaintiff contends that the trial court erred by dismissing his complaint with prejudice. In particular, he argues that the court abused its discretion by failing to consider how his attempts to serve defendants were impacted by the COVID-19 pandemic and defendants' efforts to evade service.

¶ 22    Rule 103(b) provides that an action may be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence in obtaining service on the defendant after the expiration of the applicable statute of limitations. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). The rule is designed to prevent an intentional delay of service for an indefinite amount of time to circumvent the limitations period. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 16. There is no dispute here that service occurred after the expiration of the limitations period.

¶ 23    In moving for dismissal under Rule 103(b), the defendant must make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in achieving service after filing the complaint. *Id.* ¶ 17.

> "Once the defendant establishes that the time between the institution of the suit and the date of actual service is indicative of a lack of diligence in the absence of any patently unusual circumstances, the burden shifts to the plaintiff to demonstrate, with specificity and in conformity with the rules of evidence, that reasonable diligence was exercised and to offer an explanation to satisfactorily justify any delay in service." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949-50 (2001).

The plaintiff must explain, by way of affidavit or other competent evidentiary materials, that the delay in service was reasonable and justified under the circumstances. *Id.* at 950.

¶ 24    A Rule 103(b) motion is not resolved under a subjective test of the plaintiff's intent. Instead, it is an objective test of reasonable diligence in effecting service. *Lewis v. Dillon*, 352 Ill. App. 3d 512, 518 (2004). In the absence of a satisfactory explanation, the trial court is justified in granting a dismissal under Rule 103(b). *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. A trial court's ruling on a motion to dismiss under Rule 103(b) will not be disturbed absent an abuse of discretion. *Case*, 227 Ill. 2d at 213. A trial court abuses its discretion when its decision is arbitrary, fanciful,

or unreasonable or where no reasonable person would adopt the court's view. *Emrikson*, 2012 IL App (1st) 111687, ¶ 14.

¶ 25    Consideration of a party's diligence, or lack thereof, under Rule 103(b) is a fact-intensive inquiry. *McRoberts v. Bridgestone Americas Holding, Inc.*, 365 Ill. App. 3d 1039, 1042 (2006). The factors to be considered in allowing or denying a Rule 103(b) motion include, but are not limited to:

> "(1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant." *Case*, 227 Ill. 2d at 212-13.

¶ 26    We first consider whether defendants made a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in achieving service after filing the complaint. Here, even if plaintiff is given the benefit of the doubt that he could not attempt service until July 7, 2020, he failed to serve defendants for 10 months from that date. Given the length of the delay and the absence of "patently unusual circumstances" (*Kole*, 325 Ill. App. 3d at 949) justifying the delay, we hold that defendant made a *prima facie* showing of a lack of diligence. See, *e.g.*, *Emrikson*, 2012 IL App (1st) 111687, ¶ 17; *Tischer v. Jordan*, 269 Ill. App. 3d 301, 308 (1995). Plaintiff does not dispute that the burden shifted to him. Thus, plaintiff was obliged to prove, by way of affidavit or other competent evidence, that the delay in service was justified under the circumstances. See *Kole*, 325 Ill. App. 3d at 949-50.

¶ 27    Plaintiff argues that the delay in service was caused by "special circumstances" (*Case*, 227 Ill. 2d at 213), namely the COVID-19 pandemic and defendants' attempts to evade service. However, plaintiff presented no affidavits or other competent evidence to support this claim. Plaintiff instead points to self-serving allegations and conclusions in his pleadings. He conflates allegations with evidentiary support. Plaintiff did provide his attorney's affidavit attesting to the truth of plaintiff's allegations, but the attorney did not explain the basis for his knowledge. Plaintiff presented no evidence that he even attempted to serve the original summonses, much less that his attempts justifiably failed. Nor did he produce evidence to explain his delay in serving the alias summonses. In short, there is simply no substantiated explanation for plaintiff's failure to serve defendants for 10 months after he filed his complaint.

¶ 28    Plaintiff argues that the trial court's continuances, each noting that in-person appearances were discouraged, "give the impression that the Court system itself was not ready [to] handle the matters of the case." This is simply speculation. If anything, the record gives the impression that the case was continued multiple times because plaintiff had not effectuated service. Plaintiff did not appear at a remote session in January 2021, and he does not provide any explanation for his failure to appear other than that he thought the court would continue the matter another time.

¶ 29    Notably, Tricoci's affidavit contradicted plaintiff's unsupported allegations about his difficulties in serving defendants. Tricoci averred that she owned the building at the Elgin address and continually operated her business there for the past 15 years. She also stated that the building was not vacant or abandoned at any point since May 2020 and that plaintiff knew her personal address. Yet plaintiff provided no substantiated reason why he could not serve her for 10 months; he simply speculated that the pandemic would have prevented the trial court from addressing the case regardless of whether he effectuated service.

¶ 30    Plaintiff also argues that the trial court failed to consider that Tricoci attempted to evade service at the South Elgin address on May 6, 2021.  Plaintiff points to the process server's statement that Tricoci referred to herself as " 'Lavata,' " dropped the papers she had been handed, and went inside.  Plaintiff argues that "[t]his could only have been an attempt to mislead the process server into thinking he did not have service."  However, by that point, 10 months had passed since plaintiff filed his complaint, and there was no competent evidence of (1) prior attempts at service, or (2) an attempt to evade service.  As noted, defendants contradicted plaintiff's bare allegation that he could not effectuate service at the Elgin address, because the building was vacant.

¶ 31    Given plaintiff's failure to explain, by way of affidavit or other competent evidence, that the delay in service was reasonable and justified under the circumstances, the trial court did not abuse its discretion in dismissing the complaint.

¶ 32                                    III. CONCLUSION

¶ 33    We affirm the judgment of the circuit court of Kane County.

¶ 34    Affirmed.