NOTICE
Decision filed 05/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220635-U

NO. 5-22-0635

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| MATTHEW J. BAUER, Individually and as Father and Next Friend of R.B., a Minor, | ) ) ) | Appeal from the Circuit Court of Gallatin County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-L-3 |
| DAYNA M. GILLHAM, | ) ) | Honorable Thomas J. Dinn III, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Boie and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not abuse its discretion in dismissing the plaintiff's complaint where the defendant was not timely served.

¶ 2    The plaintiff, Matthew J. Bauer, appeals the circuit court's dismissal of his complaint under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for lack of diligence in obtaining service on the defendant, Dayna M. Gillham. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    On August 13, 2017, the plaintiff, and his minor son, were involved in an automobile accident which involved the defendant. The defendant's car struck the driver's side rear passenger door of the plaintiff's car. The plaintiff claimed that the defendant was

1

negligent for failing to stop at a flashing red stop signal. Both the plaintiff and his son claimed to have suffered personal injuries from the accident.

¶ 5    On August 12, 2019, the plaintiff filed a two-count complaint alleging that the defendant's negligence was the proximate cause of the collision and the injuries to the plaintiff and his son. On August 30, 2019, the plaintiff sent a demand letter along with a copy of the complaint to the defendant's insurance company, and a copy of a subpoena *duces tecum* directed to plaintiff's employer for payroll records.

¶ 6    The insurance company did not respond to the plaintiff's demand letter. On October 8, 2019, documentation of lost wages received from the subpoena was sent to the insurance company in a follow up letter regarding the prior demand. No response was received by the plaintiff's counsel.

¶ 7    The first summons was issued on April 30, 2020. The summons listed the address for the defendant in Glen Ellyn, Illinois. The plaintiff used the Du Page County Sheriff's Office for service of the summons. After five failed service attempts, the Du Page County Sheriff's Office submitted a return that stated that the defendant was not served. The return was filed on June 2, 2020. A comment on the return stated, "someone is home but won't answer the door."

¶ 8    An alias summons was issued on June 10, 2020. The plaintiff used a private process server to serve the defendant with the alias summons at the same address as the initial summons. Seven attempts at service were made between the dates of June 11, 2020, and June 25, 2020. Several notices of delivery were posted on the door of the address listed on the summons. The defendant was not personally served with the alias summons. The

private process server's certificate of non-service was filed on July 21, 2020. The plaintiff did not request a subsequent alias summons.

¶ 9    On August 20, 2021, the plaintiff filed a motion for service by publication. An order was issued on August 26, 2021, granting the plaintiff's motion which allowed the defendant to be served by publication.

¶ 10    The notice by publication was filed on December 17, 2021. The plaintiff published the notice of publication in the Gallatin Democrat newspaper as well as a statewide public notice website. The certificate of publication listed publication dates of December 22, 2021, December 29, 2021, and January 5, 2022.

¶ 11    The defendant entered her appearance in this case on February 10, 2022, and requested additional time to file a responsive pleading. The circuit court granted the motion.

¶ 12    On March 3, 2022, the defendant filed a motion to dismiss where the defendant claimed that the plaintiff delayed in effectuating service and sought dismissal pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). The defendant argued that the first summons was issued over eight months after the complaint had been filed. After an alias summons was returned unserved, the plaintiff took no action to effectuate service for an additional 13-month period. Then, once the plaintiff was granted leave to service by publication, 3½ months transpired prior to the publication attempt. The defendant argued that service of process occurred approximately 2½ years after the statute of limitations had expired. The defendant additionally filed a memorandum of law in support of her motion to dismiss.

¶ 13   The plaintiff filed a response to the motion to dismiss. The plaintiff argued that the plaintiff hired an attorney shortly before the statute of limitations on this action expired. The complaint was filed the day before the expiration of the limitation period to preserve the claim while the plaintiff attempted to negotiate with the insurer. The plaintiff argued that the defendant's insurance company had notice of the cause of action through the demand letter, copy of the complaint, and the subpoena. After the insurance company did not respond to the demand letter and multiple phone calls, a summons was issued to proceed with litigation.

¶ 14   The plaintiff further argued that reasonable diligence was used in locating and in serving the defendant. The plaintiff made several attempts to serve the defendant and alleged that the defendant was evading service. The defendant ultimately was served by publication. The plaintiff additionally argued that if the circuit court did not find that the plaintiff used due diligence in serving the defendant, then the court should consider the plaintiff's circumstances which affected the plaintiff's efforts in serving the defendant. Plaintiff's counsel was a solo practitioner with one employee. Plaintiff's counsel's employee suffered from health problems from July 1, 2020, through December 31, 2021, which was during the COVID-19 pandemic. During that period, plaintiff's counsel's sole employee worked limited hours. Plaintiff's counsel was short staffed and was unable to find a qualified employee to assist at his office.

¶ 15   The defendant filed a reply which noted that the parties agreed that the complaint was filed the day before the expiration of the statute of limitations. The defendant argued that no negotiations had actually taken place between the plaintiff and the defendant's

4

insurance company. The plaintiff's last communication with the insurance company was on October 8, 2019. The defendant further argued that even if the insurance company had notice of the lawsuit, dismissal of the claim was not precluded under Rule 103(b). The plaintiff had waited a period of 28 months from the time the complaint was filed before service by publication. Service was not effectuated for approximately 4½ years after the accident. The defendant argued that she had satisfied the burden of establishing a *prima facie* case for lack of due diligence by the plaintiff and the matter should be dismissed with prejudice.

¶ 16    The plaintiff filed a sur-reply in response to the defendant's reply and attached an affidavit from the employee of the plaintiff's counsel's law firm. The employee averred that she was diagnosed with substantial health concerns in April of 2020, and that the COVID-19 pandemic interfered with the performance of her duties during her employment.

¶ 17    On May 19, 2022, the defendant filed a sur-reply to the plaintiff's sur-reply. The defendant argued that the plaintiff's sur-reply was not permitted as the plaintiff had not requested leave to file the reply. The defendant additionally argued that the plaintiff failed to exercise diligence in serving the defendant and the claim should be dismissed with prejudice in violation of Rule 103(b).

¶ 18    The circuit court heard the motion to dismiss on August 11, 2022. A transcript of that proceeding was not included in the record and there was no bystander's report. On September 1, 2022, the circuit court entered a docket entry and found that the defendant made a *prima facie* showing that the plaintiff failed to establish due diligence in serving

5

the defendant. The circuit court granted the motion to dismiss with prejudice. This appeal follows.

¶ 19                                    II. ANALYSIS

¶ 20    On appeal, the plaintiff argues that the circuit court abused its discretion in finding that the plaintiff failed to exercise reasonable diligence in serving the defendant and by failing to find that a special circumstance applied to this case. We disagree.

¶ 21    Illinois Supreme Court Rule 103(b) provides that an action may be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence in obtaining service upon the defendant after the expiration of the applicable statute of limitations. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). There is no dispute in this case that service had not occurred prior to that expiration of the limitations period.

¶ 22    Rule 103(b) is designed to prevent the intentional delay of service of summons for an indefinite amount of time to circumvent the applicable statute of limitations. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 16. A circuit court's determination of reasonable diligence is fact intensive and based on the circumstances of each case. *McRoberts v. Bridgestone Americas Holding, Inc.*, 365 Ill. App. 3d 1039, 1042 (2006). The circuit court's ruling on a motion to dismiss pursuant to Rule 103(b) will not be disturbed absent an abuse of discretion. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007). An abuse of discretion occurs where the circuit court's decision is "arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view." *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 513 (2005).

¶ 23    In moving for dismissal under Rule 103(b), the defendant must initially make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing the complaint. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. "No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949 (2001). Generally, a delay of over five to seven months is a *prima facie* showing of failure to exercise reasonable diligence. *Verploegh v. Gagliano*, 396 Ill. App. 3d 1041, 1045 (2009). In *Womick v. Jackson County Nursing Home*, the Illinois Supreme Court found dismissal with prejudice was not an abuse of discretion where the plaintiff had not attempted to serve the defendant at a known location for a period of nine months following the filing of the lawsuit. *Womick* v. *Jackson County Nursing Home*, 137 Ill. 2d 371, 380-81 (1990).

¶ 24    Once the defendant establishes that the time between the filing of the complaint and the date of service suggests a lack of diligence, the burden then shifts to the plaintiff to provide a satisfactory explanation for the delay in service. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. The plaintiff, by way of affidavit or other competent evidentiary materials, must demonstrate that the delay in service was reasonable and justified under the circumstances. *Kole*, 325 Ill. App. 3d at 950.

¶ 25    A court may consider many factors when determining whether to grant dismissal pursuant to Rule 103(b), including, but not limited to, (1) the length of time used to obtain service of process, (2) the activities of the plaintiff, (3) the plaintiff's knowledge of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant of pendency of the action as

7

a result of ineffective service, (6) special circumstances that would affect the plaintiff's efforts, and (7) actual service on the defendant. *Segal v. Sacco*, 136 Ill. 2d 282, 287 (1990). The circuit court must consider these factors in light of the purpose of Rule 103(b). *Segal*, 136 Ill. 2d at 287.

¶ 26    In this case, the plaintiff filed a complaint on August 12, 2019, the day before the expiration of the statute of limitations. The plaintiff waited over eight months after filing the complaint before having an initial summons issued. After that time, the Du Page County Sheriff's Office and a private process server made several unsuccessful attempts to serve the defendant. The alias summons was returned unserved on July 21, 2020. Then, the plaintiff ceased all efforts to serve the defendant for 13 months. On August 20, 2021, the plaintiff filed a motion to serve the defendant by publication. Within a week of filing, the motion was granted. The plaintiff, however, waited approximately 3½ additional months before providing the Gallatin County newspaper with the notice for publication. The plaintiff eventually effectuated service by publication approximately 28 months after the complaint was filed and the statute of limitations expired, and over four years from the date of the accident. Given the length of the delay, the defendant has made a *prima facie* showing of lack of diligence.

¶ 27    Because the defendant established that the time between the filing of the complaint and the date of service suggests a lack of diligence by the plaintiff, the burden then shifts to the plaintiff to provide a satisfactory explanation for the delay in service. See *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. The circuit court is to consider the totality of the circumstances when considering whether the plaintiff exercised reasonable diligence,

8

including but not limited to the factors listed above. Ill. S. Ct. R. 103(b) (eff. July 1, 2007); *Segal*, 136 Ill. 2d at 287.

¶ 28 We first consider the plaintiff's argument that the defendant had actual knowledge of the lawsuit because a copy of the complaint was sent and received by the insurer. While actual notice of knowledge of the lawsuit is significant in determining whether the plaintiff was diligent, the circuit court must address additional factors in making its determination. *Womick*, 137 Ill. 2d at 377.

¶ 29 After taking no action to serve the defendant for eight months, the plaintiff used the address known by the plaintiff to serve the defendant through a sheriff's department and a private process server. The plaintiff argued that service was not effectuated because the defendant evaded service. The plaintiff, however, then ceased efforts to locate the defendant for 13 months causing an additional lengthy delay without taking any further actions to serve the defendant. Then, multiple months passed without explanation before the plaintiff published the notice to serve the defendant by publication.

¶ 30 The plaintiff argues that the length of time for service was only one of the factors for the circuit court to consider. The plaintiff argues that in *Stash v. Doll*, the appellate court found that the dismissal of an action was an abuse of discretion where the plaintiff waited 17 months before having an alias summons issued. *Stash v. Doll*, 223 Ill. App. 3d 662, 664 (1992). In *Stash*, the defendant's whereabouts were difficult to ascertain. The defendant's address listed on the accident report was a vacant home, the defendant's driver's license number listed on the report was incorrect, and the defendant had failed to provide his current address to the Secretary of State. *Stash*, 223 Ill. App. 3d at 664. The

circuit court had abused its discretion in dismissing the action for lack of diligence in *Stash* based on the circumstances in that case. *Stash*, 223 Ill. App. 3d at 664.

¶ 31   In this case, the plaintiff has not provided a satisfactory explanation for the significant delay in service based on the remaining factors. The plaintiff concedes that the defendant's address was known by the plaintiff from the accident report. The fact that the plaintiff had knowledge of the defendant's whereabouts is relevant to factors two, three, and four as no additional activities were performed by the plaintiff to find the defendant's address; the plaintiff had knowledge of the defendant's location; and the defendant's whereabouts were easily ascertained.

¶ 32   The plaintiff additionally has not demonstrated that special circumstances affected the plaintiff's efforts which would excuse the plaintiff's lack of due diligence. The plaintiff argues that COVID-19 and health problems caused plaintiff's counsel's sole employee to miss a significant amount of work. The plaintiff's counsel was short staffed. The employee, however, began to miss work in March of 2020, and the plaintiff was able to have a summons and alias summons issued after that time. This explanation is not relevant to the initial eight-month delay.

¶ 33   The plaintiff has not demonstrated that the delay in service was reasonable and justified under the circumstances. The circuit court is justified in granting a dismissal pursuant to Rule 103(b) in the absence of a satisfactory explanation by the plaintiff. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. The circuit court did not abuse its discretion by granting the motion to dismiss given the totality of the circumstances in this case.

¶ 34                              III. CONCLUSION

¶ 35    For the reasons stated above, the decision by the circuit court of Gallatin County is

affirmed.


¶ 36    Affirmed.