**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230142-U

Order filed January 30, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| EVANGELINA GUTIERREZ, | ) | Appeal from the Circuit Court |
| | ) | of the Eighteenth Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0142 |
| | ) | Circuit No. 20-L-1473 |
| QUAIL RUN APARTMENT OWNERS | ) | |
| ASSOCIATION, | ) | Honorable |
| | ) | Angelo J. Kappas, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hettel and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The trial court did not abuse its discretion in granting defendant's motion to quash service and dismiss the case with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) and in denying plaintiff's motion for reconsideration. Affirmed.

¶ 2     Plaintiff, Evangelina Gutierrez, filed a negligence action against defendant, Quail Run Apartment Owners Association (Quail Run or the association), alleging that she sustained damages from slipping and falling on an unnatural accumulation of snow and ice in a parking lot managed

by Quail Run. Plaintiff appeals from the trial court's orders granting Quail Run's motion to quash service and dismiss the case with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for failing to exercise reasonable diligence to obtain service and denying plaintiff's motion for reconsideration. For the reasons set forth below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The date of the slip and fall alleged in plaintiff's complaint was January 16, 2019. At the time, she was a tenant in one of the Quail Run apartment complex buildings. Plaintiff's lease identified Chang S&S LLP (Chang S&S) as the owner with Joseph Chang designated as the agent to receive service of process. The record reflects that, on February 10, 2019, plaintiff's counsel sent a certified letter to Chang S&S at the mailing address listed in the lease (a P.O. Box in Schaumburg), advising that counsel represented plaintiff in her anticipated claim for injuries sustained in the January 16, 2019, incident, serving its attorney lien on the specified portion of any recovery, and requesting that the letter be forwarded to its insurance carrier. Eleven days later, on February 21, 2019, Quail Run's insurance carrier sent plaintiff's counsel a letter, acknowledging counsel's representation of plaintiff, advising that it was investigating the loss under the policy, and requesting information regarding the incident and injuries.

¶ 5        A little less than two years later, on December 21, 2020, plaintiff filed a complaint for negligence, naming Quail Run as the only defendant. Plaintiff alleged that she slipped and fell on an unnatural accumulation of snow and ice while exiting her car on January 16, 2019, in the apartment complex's parking lot. Plaintiff further alleged that Quail Run was negligent, *inter alia*, in failing to maintain the parking lot in a reasonably safe condition and failing to warn of the parking lot's dangerous condition.

¶ 6    We recount the procedural history relating to service of process, Quail Run's motion to quash service and dismiss pursuant to Rule 103(b), and plaintiff's motion to reconsider.

¶ 7                                    A. Service of Process

¶ 8    A summons was issued on December 21, 2020—the same day plaintiff filed her complaint. The summons named Joseph Chang, with a Schaumburg address, as the registered agent for Quail Run. A few months later, on March 8, 2021, plaintiff filed a motion for leave to file an alias summons and appoint a special process server, stating that, as reflected on the return of service attached to the motion, the sheriff had attempted service at the Schaumburg address on January 6, 2021, but was told by an occupant that Chang had moved. The motion also included a statement that "[p]laintiff's counsel has determined that the Defendant has a registered agent in Chicago, Illinois." On March 15, 2021, the trial court granted plaintiff's motion and continued the case to May 3, 2021, for a status hearing.

¶ 9    On May 3, 2021, the trial court entered an order continuing the case to July 7, 2021, for a status on service and noted that leave to issue an alias summons was granted. On July 7, 2021, the trial court again entered an order continuing the case to August 12, 2021, for a status on service and noting in the order that plaintiff's counsel failed to appear and that the case would be dismissed for want of prosecution at the next status if counsel failed to appear. On August 12, 2021, counsel failed to appear. Nonetheless, the trial court entered an order continuing the case to September 23, 2021, for status on service and noting in the order that plaintiff's counsel was required to appear at the next status and that "[a]lias summons to issue."

¶ 10    On September 23, 2021, the trial court entered an order (prepared by plaintiff's counsel) stating that leave to issue an alias summons was granted, a special process server was appointed, and the case was continued to November 9, 2021, for status on service. However, on November 9,

3

2021, plaintiff's counsel failed to appear, and the trial court entered an order dismissing the case for want of prosecution.

¶ 11    The next day, on November 10, 2021, plaintiff filed a motion to vacate the dismissal order, stating that counsel had misdiaried the scheduled court date. On November 22, 2021, the trial court entered an order vacating the dismissal, granting leave to issue an alias summons, and continuing the case to January 13, 2022, for a status on service. On January 13, 2022, the trial court again entered an order continuing the case for a February 22, 2022, status on service. After plaintiff's counsel failed to appear on February 22, 2022, the trial court entered its second order dismissing the case for want of prosecution.

¶ 12    Thereafter, on March 3, 2022, plaintiff filed a motion to vacate the dismissal, stating that counsel had again misdiaried the scheduled court date. While it appears that plaintiff noticed the motion for presentment on March 22, 2022 (the record contains a non-file-stamped notice of presentment for this date), later that month, on March 31, 2022, plaintiff filed what was titled a "Re-Notice Motion To Vacate," stating that counsel underwent pancreatic surgery on March 17, 2022, and "the rehabilitation period prevented counsel from bringing the motion to dismiss [*sic*] on March 20, 2022[,] as scheduled." The motion sought to vacate the November 9, 2021, dismissal for want of prosecution (which appears to have been a typo, given the first dismissal already had been vacated). On April 28, 2022, the trial court entered an order, granting plaintiff's motion to vacate the February 22, 2022, dismissal and continuing the matter for a June 8, 2022, status on plaintiff's motion for a default judgment (although no such motion had been filed yet). On June 8, 2022, the trial court entered an order, continuing the matter to July 7, 2022, for presentment of plaintiff's motion for a default judgment (although, again, no such motion had been filed).

¶ 13    On July 6, 2022, plaintiff filed a "Motion For Default For Failure To Appear And To Set Date For Prove-Up," stating that, "[o]n November 29, 2021[,] a summons and Plaintiff's complaint was served on the Defendant by an agent of the process serving company [] previously appointed by the Court as special process server" and that "Defendant has failed to file its Appearance and/or Answer and is in default." Attached as an exhibit to the motion was a non-file-stamped affidavit of service, naming Quail Run as defendant and stating that a person named Indra Sharma, with a Bloomingdale address, had been served on November 29, 2021. Regarding the documents served, the non-file-stamped affidavit of service listed "Motion to Vacate, Letter" and, in a handwritten notation, also listed "summons and complaint." In contrast to the non-file-stamped affidavit of service, the record contains a February 18, 2022, file-stamped copy of the affidavit of service, reflecting that only the "Motion to Vacate, Letter" was served on Sharma. There is no handwritten notation on the file-stamped copy.

¶ 14    On July 7, 2022, the trial court entered a written order denying without prejudice plaintiff's motion for a default judgment, granting plaintiff leave to issue an alias summons, and appointing a special process server. In his opening brief, plaintiff states that the motion was denied "without explanation." However, the transcript of the July 7, 2022, hearing (which was the subject of Quail Run's motion to supplement the record on appeal that this court granted) elucidates the trial court's reasoning. The trial court first found that it was unknown whether the individual on whom the affidavit reflected service was a person authorized to accept service on Quail Run's behalf. In addition, the trial court reasoned that the affidavit of service on file with the clerk's office reflects only "service o[f] a letter and the vacating of a DWP" with no handwritten notation, whereas the copy of the affidavit of service attached to plaintiff's motion to default includes a handwritten notation adding "summons and complaint" to the items served. After noting it did not "know who

5

wrote it in there," the trial court concluded that, "on its face, this does not look to be good service." The trial court continued the matter to August 25, 2022, for a case management hearing.

¶ 15    On July 18, 2022, an alias summons was issued, again naming Joseph Chang as Quail Run's registered agent, with the same Schaumburg address as the summons issued the day the complaint was filed. The special process server served Chang with the alias summons and complaint five days later, on July 23, 2022. The affidavit of service on file reflects service on Chang at a Schaumburg address, but one with a different street and zip code than the address identified in the initial summons and alias summons.

¶ 16    B. Quail Run's Motion to Quash Service and Dismiss Pursuant to Rule 103(b)

¶ 17    On September 15, 2022 (following the grant of an extension request), Quail Run filed a motion to quash service and dismiss with prejudice pursuant to Rule 103(b) with a supporting affidavit from Chang. Initially, with respect to service, Chang attested that he is a former owner of several buildings in the Quail Run apartment complex and a former board member of the association Quail Run. In the motion, Quail Run stated that the association is a voluntary unincorporated association formed by owners of the Quail Run apartment complex buildings to manage the common areas of the complex. According to his affidavit, Chang sold his interest in the buildings in September 2021 and was thus no longer a member of the association.

¶ 18    Accordingly, Quail Run argued that service of process on Chang was improper and did not amount to service on the association, given that, at the time of service, he had no authority to accept service or other act on the association's behalf. See 735 ILCS 5/2-205.1 (West 2022) (service of process on a voluntary unincorporated association sued in its own name may be effectuated by leaving a copy of the process with any officer of the association personally or by leaving a copy of the process at the office of the association with an agent of the association).

6

¶ 19    Moreover, Quail Run argued that plaintiff did not exercise reasonable diligence in obtaining service. Plaintiff filed her complaint just about a month prior to the expiration of the statute of limitations; thereafter, the case was dismissed twice for want of prosecution with numerous unexplained delays and failures to appear in court. Ultimately, plaintiff served Chang over 18 months *after* the expiration of the two-year statute of limitations and never properly served Quail Run—the only defendant named in the complaint. Thus, Quail Run sought dismissal with prejudice pursuant to Rule 103(b). See Ill. S. Ct. R. 103(b) (eff. July 1, 2007) ("If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant ***.").

¶ 20    In opposition to the motion to quash service and dismiss, plaintiff responded that service on Chang was sufficient given plaintiff's lease provision identifying him as the person authorized to accept service on the owner's behalf. Plaintiff also argued that she exercised reasonable diligence in obtaining service of process under the circumstances of the case. Plaintiff recounted her efforts to ascertain Chang's location and noted Chang's knowledge of "the pendency of the lawsuit," as purportedly evidenced by the insurance carrier's February 21, 2019, acknowledgement letter in response to plaintiff's counsel's notice of attorney lien. In addition, plaintiff's counsel noted extenuating circumstances involving his health, including back surgery and a March 12, 2022, surgery to remove a malignant pancreatic tumor, and the impact these circumstances had on his solo practice.

¶ 21    In its reply in support of the motion to quash service and dismiss, Quail Run argued that the entirety of plaintiff's argument overlooked the pivotal fact that Quail Run is the only named defendant—not Chang, and not Chang S&S. Quail Run noted that plaintiff's choice to sue only the association, and not the owner of her individual unit, was reasonable since the alleged incident

7

occurred in the common area parking lot, which the association, not Chang, allegedly owned and controlled. Thus, the fact that Chang and his company are listed on plaintiff's lease was entirely irrelevant to whether there was service on Quail Run—the only defendant in this case. While expressing sympathy for plaintiff's counsel's health issues, Quail Run argued that the delay in service (which still had not been effectuated on Quail Run) imposed an unreasonable burden, given that the statute of limitations had long since expired. As a final matter, Quail Run noted that plaintiff's lack of diligence in obtaining service was exemplified by the fact that a simple corporate business search on the Secretary of State's website would have revealed the name and address of Quail Run's registered agent to receive service of process.[1]

¶ 22   Following argument, on November 22, 2022, the trial court entered a written order granting Quail Run's motion to quash service on Chang and dismiss the case with prejudice pursuant to Rule 103(b). In its oral ruling, the trial court reasoned that plaintiff "mistakenly went down the path of serving the wrong individual." With respect to quashing service, the court found that, plaintiff's lease merely showed that plaintiff rented the apartment from Chang and his business and did not control how to serve a third party such as Quail Run. The court further found that, based upon Chang's unrebutted affidavit and pursuant to statute, at the time of service, Chang was "not a member or an officer of the association to bind and accept service per the statute."

¶ 23   Regarding dismissal with prejudice, the trial court proceeded to analyze the various factors relevant to the Rule 103(b) analysis, *i.e.*, the length of time used to obtain service of process, the plaintiff's activities, the plaintiff's knowledge of the defendant's location, the ease with which the defendant's whereabouts could have been ascertained, the defendant's knowledge of the pendency

---

[1] The stated name of Quail Run's registered agent was Indra Sharma—the same name (albeit with a different address) identified in the February 18, 2022, affidavit of service for the "Motion to Vacate, Letter." Plaintiff neither mentions this nor pursues any issue on appeal regarding this affidavit of service, and there is no explanation in the record.

of the lawsuit, special circumstances which would affect the plaintiff's efforts, and actual service on the defendant. First, the complaint was filed on December 21, 2020, and the length of time to obtain any service was 18 months. During that time, there were several orders entered to issue alias summonses and appoint a special process server, yet only one alias summons was ever issued— the July 18, 2022, alias summons that was served with the complaint on Chang five days later. However, Quail Run was never actually served, as Chang was not a member of the association authorized to accept service at that time.

¶ 24 Moreover, after filing the complaint, plaintiff missed several court dates, with the trial court continuing the case on its own despite no appearance on at least one occasion, and dismissing the case for want of prosecution on two occasions. While the trial court noted that it was sympathetic to counsel's health issues, "plaintiff's response does not indicate or include much of a timeframe regarding any of these procedures for this Court to consider whether or not that would [] excus[e] the diligence of plaintiff in trying to attempt service."

¶ 25 In addition, the trial court reasoned that, while plaintiff attempted to serve Chang because he was identified on her lease, neither Chang nor his business were named as defendants in the complaint. Ultimately, "[a] quick search" of the Secretary of State's website for Quail Run would have identified the registered agent. Noting that all communication was directed to Chang and Chang's business only, the trial court found that the insurance carrier's acknowledgement letter to plaintiff's counsel, although it identified the insured as Quail Run, was insufficient to demonstrate that plaintiff met her burden of establishing Quail Run had knowledge of the pending lawsuit. The trial court further noted, "[P]laintiff's attorney lists in several exhibits the caption as potentially being one that lists Mr. Chang and his business as the defendant, which is not accurate here. It also states potentially Cook County in some of those correspondence."

9

¶ 26        Accordingly, given the foregoing and the expiration of the statute of limitations, the trial court dismissed the case with prejudice pursuant to Rule 103(b).

¶ 27                              C. Plaintiff's Motion to Reconsider

¶ 28        Plaintiff timely filed a "motion for a rehearing" pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2022)), arguing that the trial court overlooked or misunderstood efforts by plaintiff's counsel to locate and serve Quail Run. Initially, plaintiff maintained that the July 2022 service on Chang amounted to proper service on Quail Run on the basis that Chang was an officer of Quail Run through September 2021 and that, but for plaintiff's inability to locate Chang despite an exhaustive search, Chang would have been served while he was still an officer. Plaintiff also asserted that the trial court failed to consider that there was no intentional delay in service. Plaintiff recounted the efforts to serve Chang and represented that, between March 21, 2021, and July 22, 2022, plaintiff's counsel, "either by motion or at case managements, has had the Court issue alias summons five times" and that, "[o]n each occasion, the process server did a search to try to find Mr. Chang but was unable to find him." Plaintiff attached correspondence between counsel and the process server regarding the efforts to locate Chang. In countering the proposition that plaintiff could have identified Quail Run's registered agent on the Secretary of State's website, counsel asserted that the search term "Quail Run Apartments Associati" yielded a result of "did not match any records," as reflected on the copy of the search result attached to plaintiff's motion.

¶ 29        In opposing plaintiff's motion, Quail Run initially noted that, while titled a "motion for a rehearing," plaintiff essentially sought reconsideration of the trial court's ruling yet failed to present any viable basis for rehearing, *i.e.*, plaintiff did not seek to bring to the trial court's attention newly discovered evidence not available at the time of the hearing, changes in the law, or errors in

10

the court's previous application of existing law. See *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 79 (setting forth the purposes of a motion to reconsider). Quail Run specified that plaintiff's assertion regarding the unsuccessful corporate business search of the Secretary of State's website did not amount to new evidence. Rather, plaintiff's search result reflected that the search term was "Quail Run Apartments Associati." However, as clearly written in plaintiff's own pleadings, defendant's name is "Quail Run Apartment Owners Association." There is no "s" after "Apartment," and the word "Owners" was missing from the search. A mere search on the Secretary of State's website for "Quail Run" would have produced defendant's name and shown the actual registered agent's name and contact information, as reflected in the business search result Quail Run attached to its response.

¶ 30        In addition, Quail Run argued that Chang's former position as an officer of the association was irrelevant to the issue of plaintiff's diligence under Rule 103(b). Chang did nothing to hide his whereabouts, and by the time plaintiff served him, Chang was no longer an officer of the association and had not been for almost a year. Ultimately, plaintiff ill-advisedly focused her efforts on serving Chang, rather than simply serving Quail Run's registered agent. Quail Run also reiterated that the association was the only proper defendant, as plaintiff alleged that her accident occurred in a common area of the premises over which the association, not Chang, controlled.

¶ 31        In reply, plaintiff clarified that she sought reconsideration based on errors in the trial court's previous application of existing law, *i.e.*, that the trial court failed to properly consider all relevant factors in resolving whether to dismiss the case pursuant to Rule 103(b). Counsel also asserted that the Secretary of State corporate business website only allows a search of 19 letters and searches with this limit yielded no results. According to plaintiff, "[t]he only reason the defendant's corporate search for Quail Run Apartment Owner's came back as registered and naming a

11

registered agent was because they put an apostrophe in Owner's." However, "[n]owhere in any correspondence or any pleadings of either the Defendant or the plaintiff is there an apostrophe in Owners," and "putting an apostrophe in Quail Run Apartment Owners is grammatically incorrect." Plaintiff argued that failure to perform this search should not amount to lack of diligence.

¶ 32       Following argument, on March 9, 2023, the trial court entered a written order denying plaintiff's motion to reconsider. In its oral ruling, the trial court initially noted that it had considered all relevant factors in granting Quail Run's motion to dismiss and thus incorporated the November 22, 2022, findings into its current ruling. The trial court also noted that evidence of the search attempts on the Secretary of State's website was previously available and thus not a proper basis for reconsideration.

¶ 33       Regardless, plaintiff "went down the path of trying to chase Mr. Chang" but did not serve him until July 2022, at which point he was no longer able to accept service on Quail Run's behalf. In rejecting plaintiff's argument that she had established diligence in attempting to obtain service, the trial court found that the argument merely established that there were "two things that plaintiff was not diligent in doing"—searching for Quail Run's registered agent *and* attempting service on Chang while he was still a member or officer of the association.

¶ 34       In noting that "service took 18 months on the wrong individual," the trial court reiterated the case history, including dismissals for want of prosecution on two occasions for plaintiff's failure to appear and "plaintiff's counsel missing other court dates where the Court graciously continued on its own, despite no appearance" as well as "several orders to issue an alias summons with plaintiff not complying or at least this Court not having any evidence that an alias was issued ***." While plaintiff's counsel had urged the trial court to "consider his word, which is not in the briefs at all or any proof in exhibits, that he issued alias summons and sent them to the process

12

server," there was only one alias summons issued—the July 18, 2022, alias summons that was served with the complaint on Chang five days later.

¶ 35 The trial court further reasoned that, in any event, there was no diligent attempt to locate or serve the proper person. The trial court elaborated: "Defendant pointed out that just listing Quail Run in the Illinois Secretary of State website pulls up the registered agent for the association easily, and this was pointed out at the underlying hearing, but plaintiff points out now that it searched Quail Run Apartment Owners Association without any results." However, the trial court reasoned that, as previously found, "this just goes to plaintiff's lack of diligence in using other search terms to yield the result that defendant points out in response to the motion to reconsider here."

¶ 36 The trial court concluded that, regardless of whether Quail Run knew of the lawsuit, "which candidly is the only factor that may weigh in plaintiff's favor," the remaining factors relevant to the Rule 103(b) analysis "overwhelmingly favor dismissal pursuant to 103(b)," as detailed in its prior findings. Accordingly, the trial court denied plaintiff's motion to reconsider.

¶ 37 Plaintiff timely appealed.

¶ 38                                    II. ANALYSIS

¶ 39 On appeal, plaintiff argues that the trial court abused its discretion in granting dismissal with prejudice pursuant to Rule 103(b) and in denying reconsideration. Plaintiff does not challenge that portion of the trial court's ruling granting the motion to quash service on Chang. Rather, in challenging both the dismissal and denial of reconsideration, plaintiff contends that the trial court failed to correctly balance all relevant factors under Rule 103(b). Quail Run responds that the trial court did not abuse its discretion in weighing the factors and in concluding that plaintiff failed to exercise reasonable diligence in obtaining service.

13

¶ 40    We review the trial court's orders granting Quail Run's Rule 103(b) motion to dismiss and denying plaintiff's motion for reconsideration for an abuse of discretion. See *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶¶ 13-14. A trial court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the trial court's view. (Internal quotation marks omitted.) *Id.* ¶ 14. For the reasons set forth below, we hold that the trial court appropriately balanced all relevant factors under Rule 103(b) and, considering the entirety of the procedural history in this case, did not abuse its discretion in granting dismissal with prejudice pursuant to Rule 103(b) and in denying reconsideration.

¶ 41    Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 42    While the rule does not delineate a certain time within which the defendant must be served, the plaintiff must exercise reasonable diligence in doing so. *Id.*; *Segal v. Sacco*, 136 Ill. 2d 282,

14

285-86 (1990). Our supreme court adopted Rule 103(b) " 'to effectuate its historical and constitutional mandate to render justice fairly and promptly.' " *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377 (1990) (quoting *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273, 282 (1986)). The rule further serves "to protect a defendant from unnecessary delay in the service of process and to prevent the plaintiff from circumventing the applicable statute of limitations, which are designed to afford the defendant a fair opportunity of investigation, by filing suit before the expiration of the limitations period but taking no action to have the defendants served until the plaintiff is ready to proceed with the litigation." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949 (2001) (citing, *inter alia*, *Segal*, 136 Ill. 2d at 286).

¶ 43        In moving for dismissal pursuant to Rule 103(b), the defendant must make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing the complaint. *Emrikson*, 2012 IL App (1st) 111687, ¶ 17. Once the defendant makes this showing, the burden shifts to the plaintiff to provide a satisfactory explanation for the delay in service. *Id.*

¶ 44        Here, the record demonstrates that Quail Run made the requisite initial showing of a lack of diligence in obtaining service, and plaintiff does not argue otherwise. Plaintiff filed her complaint on December 21, 2020, and did not serve Chang until approximately 18 months later, at a point when he was no longer authorized to accept service on the association's behalf. Delays of shorter duration have been held sufficient to establish a *prima facie* showing of nondiligence. See *e.g.*, *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 25 (8 months); *Carman-Crothers v. Brynda*, 2014 IL App (1st) 130280, ¶ 16 (10 months); *Kole*, 325 Ill. App. 3d at 949 (9 months); *Paglis v. Black*, 178 Ill. App. 3d 1062, 1064 (1989) (5½ months).

¶ 45        Accordingly, we turn to the trial court's resolution of whether plaintiff met her burden of demonstrating a satisfactory explanation for the delay in service. On this issue, a plaintiff's

15

subjective intent is not determinative; rather, dismissal under Rule 103(b) is based upon the objective standard of reasonable diligence. *Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 21. While each case is decided on its own facts and circumstances, the factors that courts consider in ruling on a Rule 103(b) motion include: (1) the length of time used to obtain service of process, (2) the plaintiff's activities, (3) the plaintiff's knowledge of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) the defendant's actual knowledge of the pendency of the action, (6) special circumstances which would affect the plaintiff's efforts, and (7) actual service on the defendant. *Segal*, 136 Ill. 2d at 287. These factors are considered in light of the purposes that Rule 103(b) seeks to promote—to prevent unnecessary delay in the service of process and circumvention of the statute of limitations. *Id.* at 286-87.

¶ 46        A review of the record reflects that the trial court weighed all relevant factors and did not abuse its discretion in granting dismissal with prejudice pursuant to Rule 103(b). First, as discussed, the length of time to obtain any service was 18 months—over three and a half years after the occurrence. Second, with respect to plaintiff's activities during the 18-month lapse, the trial court entered several orders authorizing issuance of alias summonses, yet the record evinces the issuance of only one alias summons—the alias summons ultimately served on Chang. While plaintiff relies on the trial court orders authorizing the alias summonses, as the trial court noted, there is nothing in the record showing that plaintiff had the alias summonses issued and placed for service with the special process server. See *Kole*, 325 Ill. App. 3d at 953 (the plaintiff has a "nondelegable duty" to deliver summons to the sheriff or special process server to ensure a prompt and proper return of service). The record also reflects several missed court dates and two dismissals for want of prosecution during this time frame.

¶ 47       The third and fourth factors—knowledge of Quail Run's location and the ease with which Quail Run's whereabouts could have been ascertained—also support the trial court's dismissal order. While plaintiff suggested difficulty ascertaining the proper terms for searching for Quail Run's business on the Secretary of State's website, the record reflects that plaintiff's counsel could have readily found the name and address of Quail Run's registered agent by simply using the first two words of the defendant's name—"Quail Run."

¶ 48       The fifth factor—whether Quail Run actually knew of the lawsuit's pendency, was the only factor that the trial court found "may weigh" in plaintiff's favor but ultimately concluded that plaintiff failed to demonstrate that the insurance carrier's acknowledgement letter to plaintiff's counsel established Quail Run's knowledge. We agree and further observe that the letter was sent 22 months *before* plaintiff filed her complaint in this case and thus could not have established knowledge of the lawsuit's pendency.

¶ 49       Turning to the sixth factor—any special circumstances affecting plaintiff's efforts, counsel argued that his health issues impacted his efforts at service. The trial court was appropriately sympathetic to these circumstances; however, we ultimately agree with the trial court that counsel's failure to provide a timeframe for these issues in relation to the entirety of the 18-month delay was of limited value in establishing special circumstances.

¶ 50       As to the final factor—actual service on the defendant—we note that Quail Run, the only defendant in this case, was never actually served, and plaintiff does not contest that Chang was no longer authorized to accept service on Quail Run's behalf when he was served.

¶ 51       Accordingly, having reviewed the entirety of the record, we cannot say that the trial court's dismissal order was arbitrary, fanciful, or unreasonable, or that no reasonable person would adopt the trial court's view. See *Emrikson*, 2012 IL App (1st) 111687, ¶ 14. Rather, the record reflects

17

that the trial court reviewed the procedural history in detail and carefully considered all factors relevant to dismissal under Rule 103(b). Plaintiff presents no persuasive argument otherwise.

¶ 52 As a final matter, plaintiff argues alternatively that the case should be remanded for a finding as to whether Quail Run was prejudiced by the delay in service. According to plaintiff, "prejudice to the defendant is a requirement for the defendant to prevail on a Rule 103(b) motion to dismiss." Quail Run responds that plaintiff never argued lack of prejudice in the trial court and therefore forfeited the argument on appeal. Forfeiture aside, Quail Run responds that it was not required to prove that plaintiff's lack of diligence prejudiced its defense and that, regardless, Quail Run would necessarily have been prejudiced by having to defend a lawsuit over three and a half years after the occurrence.

¶ 53 While plaintiff did not squarely present this issue below, we note that the Rule 103(b) jurisprudence reflects that lack of prejudice is but one of many facts and circumstances that a court may appropriately consider in ruling on a Rule 103(b) motion. See *Womick*, 137 Ill. 2d at 377 ("[W]hile actual notice or knowledge of the pendency of a suit or the lack of prejudice to the defendant are significant in that they may affect the judge's determination as to whether the plaintiff was diligent, they are but two factors to be considered by the court in making that determination."). However, and contrary to plaintiff's argument that a prejudice finding was *required*, our supreme has expressly held that "actual notice or knowledge of the lawsuit along with a lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b)." *Id.*

¶ 54 Numerous appellate court decisions have likewise stated that lack of prejudice to the defendant will not necessarily defeat a Rule 103(b) motion to dismiss. See, *e.g.*, *Mular*, 2015 IL App (1st) 142439, ¶ 21 (quoting *Kole*, 325 Ill. App. 3d at 952) ("[D]efendant need not demonstrate

18

prejudice resulting from the delay in service in order to obtain dismissal under the rule; rather, the existence of prejudice is an 'appropriate consideration,' but the lack of prejudice will not defeat dismissal where reasonable diligence has not been shown."); *Lewis v. Dillon*, 352 Ill. App. 3d 512, 516 (2004) (citing *Womick*, 137 Ill. 2d at 377) ("Prejudice against defendant is also considered, but lack of prejudice will not necessarily defeat a defendant's Rule 103(b) motion."); *Kreykes Electric, Inc. v. Malk & Harris*, 297 Ill. App. 3d 936, 940 (1998) ("[T]he burden rests with the plaintiff to demonstrate reasonable diligence in effectuating service, and the defendant is not required to establish that it was prejudiced by plaintiff's delay."); *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 354 (1997) (While "defendant was arguably not prejudiced by the delay[,]" [a]ccording to *Womick*, the presence of actual knowledge and the absence of prejudice do not require this court to find reasonable diligence."); *Viking Dodge, Inc. v. Hoffman*, 161 Ill. App. 3d 186, 189 (1987) ("To be protected by the prescriptions of [Rule 103(b)], defendant need not show that he was prejudiced by the complained of delay in service of process.").

¶ 55    Plaintiff argues that the appellate court's recent decision in *Ollins v. Karl*, 2022 IL App (1st) 220150, holds otherwise and requires that a defendant establish prejudice from the delay in service to succeed on a Rule 103(b) motion to dismiss. We do not read *Ollins* so broadly. In *Ollins*, the appellate court affirmed the trial court's finding that the plaintiffs failed to exercise reasonable diligence under Rule 103(b) in serving the defendant. *Id.* ¶¶ 52, 61. However, the appellate court reversed dismissal of the complaint with prejudice and remanded to the trial court for consideration of: (1) whether the plaintiffs' "failure to exercise reasonable diligence in serving defendant so prejudiced him as to justify a dismissal of their complaint 'with prejudice' " (an argument the *Ollins* plaintiffs actually raised but the trial court did not address) and (2) whether the failure to exercise reasonable diligence to obtain service occurred before or after expiration of the statute of

19

limitations (a critical inquiry under Rule 103(b) for purposes of whether the dismissal "shall" be with prejudice). *Id.* ¶¶ 24, 53-61. There was no discussion of *Womick* or the appellate court jurisprudence cited *supra* ¶ 54, and the entirety of the decision reflects the *Ollins* court's concern over the timing of the failure to exercise reasonable diligence in relation to the expiration of the statute of limitations. Accordingly, *Ollins* does not support plaintiff's position in that plaintiff did not raise the prejudice issue below and the failure to exercise reasonable diligence here clearly occurred *after* the statute of limitations had run.

¶ 56    Given our supreme court's express statement in *Womick* that lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b), we reject plaintiff's alternative argument that a remand is required for a finding on whether Quail Run was prejudiced by the delay in service.

¶ 57    In sum, the trial court did not abuse its discretion in granting Quail Run's motion to dismiss with prejudice pursuant to Rule 103(b) and in denying plaintiff's motion for reconsideration.

¶ 58                                    III. CONCLUSION

¶ 59    For the reasons stated, we affirm the trial court's orders granting Quail Run's motion to quash service and dismiss the case with prejudice pursuant to Rule 103(b) and denying plaintiff's motion for reconsideration.

¶ 60    Affirmed.